UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
(EASTERN DIVISION)

| | |
|---|---|
| CITIZENS ASSET FINANCE, a division of Citizens Bank, N.A. | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.<br>) |
| CROSBY MARINE TRANSPORTATION, LLC, CROSBY DREDGING, LLC, CROSBY ENTERPRISES, L.L.C., CROSBY TUGS, L.L.C., and KURT CROSBY, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## VERIFIED COMPLAINT

NOW COMES the Plaintiff, CITIZENS ASSET FINANCE, a division of Citizens Bank, N.A., by and through its attorneys, Riemer & Braunstein LLP, and for its Verified Complaint, states as follows:

### Introduction

1. The plaintiff-lender, Citizens Asset Finance, entered into a certain loan arrangement in the amount of $7,642,020.75 with the defendant-borrower, Crosby Marine Transportation, LLC. The borrower has failed, neglected and refused to make payments as and when due under the subject loan documents. The defendant-guarantors, Crosby Dredging, LLC, Crosby Enterprises, L.L.C., Crosby Tugs, L.L.C. and Kurt Crosby each guaranteed the subject obligations, but have similarly failed, neglected and refused to make payments as and when due under their respective guarantees. As a result, the plaintiff-lender files this suit to enforce the defaulted loan arrangement against the borrower and guarantors.

### Parties, Jurisdiction and Venue

4428457.1

2. The plaintiff, Citizens Asset Finance, a division of Citizens Bank, N.A., is a national bank (hereinafter, the "***Lender***") with its main office located in Providence, Rhode Island.

3. The defendant, Crosby Marine Transportation, LLC, is a Louisiana limited liability company (the "***Borrower***") with its main office in Galliano, Louisiana.

4. The defendant, Crosby Dredging, LLC, is a Louisiana limited liability company ("***Crosby Dredging***") with its main office in Galliano, Louisiana.

5. The defendant, Crosby Enterprises, L.L.C., is a Louisiana limited liability company ("***Crosby Enterprises***") with its main office in Galliano, Louisiana.

6. The defendant, Crosby Tugs, L.L.C., is a Louisiana limited liability company ("***Crosby Tugs***" and together with Crosby Dredging and Crosby Enterprises, collectively, jointly and severally, the "***Corporate Guarantors***") with its main office in Galliano, Louisiana.

7. The defendant, Kurt Crosby, is an individual (the "***Individual Guarantor***") with his primary residence in Galliano, Louisiana.

8. This Court has jurisdiction over this dispute under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 exclusive of interest and costs and the plaintiff and defendants are citizens of different states.

9. Venue is proper under 28 U.S.C. § 1391(b)(1) and (b)(2) because the subject loan arrangement was entered into in or around Chicago, Illinois.

10. This Court has personal jurisdiction over the defendants, each of whom, upon information and belief, purposefully availed themselves of the privilege of conducting business in Illinois by negotiating, documenting and executing the subject loan documents with the Lender's offices in Chicago, Illinois.

**The Loan Documents**

11. The Lender and the Borrower entered into a certain Construction Loan Agreement dated as of March 4, 2022 (the "*Original Loan Agreement*"), pursuant to which, among other things, the Lender made a loan to the Borrower in the principal amount of up to $7,642,020.75. A true and correct copy of the Original Loan Agreement is attached hereto as "**Exhibit 1**" and is incorporated herein by reference.

12. To further evidence the loan, the Borrower executed and delivered to the Lender a Construction Loan Note dated as of March 4, 2022 in the principal amount of up to $7,642,020.75 (the "*Original Note*" and may be amended and modified and in effect, the "*Note*"). A true and correct copy of the Original Note is attached hereto as "**Exhibit 2**" and is incorporated herein by reference.

13. The Original Loan Agreement (as amended, modified and in effect, the "*Loan Agreement*") has been amended by that certain Amendment No. 1 to Construction Loan Agreement dated as of March 31, 2023, that certain Amendment No. 2 to Construction Loan Agreement dated as of May 31, 2023, that certain Amendment No. 3 and Waiver to Construction Loan Agreement dated as of November 18, 2024, and that certain Amendment No. 4 and Waiver to Construction Loan Agreement dated as of February 2025, copies of which are attached hereto as "**Exhibit 3-A**", "**Exhibit 3-B**", "**Exhibit 3-C**", and "**Exhibit 3-D**", respectively, and are incorporated herein by reference.

14. The Corporate Guarantors unconditionally guaranteed all obligations of the Borrower under the Loan Agreement and Note pursuant to that certain Amended and Restated Commercial Guaranty dated May 31, 2023 executed and delivered by the Corporate Guarantors

4428457.1

to the Lender (the "***Corporate Guaranty***"). A true and correct copy of the Corporate Guaranty is attached hereto as "**Exhibit 4**" and is incorporated herein by reference.

15. The Individual Guarantor unconditionally guaranteed all obligations of the Borrower under the Loan Agreement and Note pursuant to that certain Commercial Guaranty dated May 31, 2023 executed and delivered by the Individual Guarantor to the Lender (the "***Individual Guaranty***"). A true and correct copy of the Individual Guaranty is attached hereto as "**Exhibit 5**" and is incorporated herein by reference.

### Defaults and Demand Under the Loan Documents

16. The Borrower defaulted under the Loan Agreement and the Note for failing to make the monthly payments due thereunder on April 30, 2025 and May 31, 2025 (the "***Payment Defaults***").

17. As a result of the Payment Defaults, and in accordance with the terms of the subject loan documents, the Lender made demand upon the Borrower for the immediate repayment in full of all amounts owed under the Note, the Loan Agreement and other loan documents pursuant to notice dated June 20, 2025 (the "***Borrower Demand Notice***"). A true and correct copy of the Borrower Demand Notice is attached hereto as "**Exhibit 6**" and is incorporated herein by reference.

18. To date, the Borrower has failed, neglected and refused to repay amounts owing by it under the subject loan documents.

19. Also as a result of the Payment Defaults, and in accordance with the terms of the Corporate Guaranty, the Lender made demand upon the Corporate Guarantors for the immediate repayment in full of all amounts owed under the Corporate Guaranty pursuant to notice dated June 20, 2025 (the "***Corporate Guarantor Demand Notice***"). A true and correct copy of the

Corporate Guarantor Demand Notice is attached hereto as "**Exhibit 7**" and is incorporated herein by reference.

20. Also as a result of the Payment Defaults, and in accordance with the terms of the Individual Guaranty, the Lender made demand upon the Individual Guarantor for the immediate repayment in full of all amounts owed under the Individual Guaranty pursuant to notice dated June 20, 2025 (the "*Individual Guarantor Demand Notice*"). A true and correct copy of the Individual Guarantor Demand Notice is attached hereto as "**Exhibit 8**" and is incorporated herein by reference.

21. To date, the Corporate Guarantors and the Individual Guarantor have failed, neglected and refused to repay amounts owing under the respective guarantees.

22. As of July August 7, 2025, the amounts due under the Note are as follows:

| i. | Principal: | $2,691,001.86 |
|---|---|---|
| ii. | Interest: | $130,669.83 |
| iii. | Finance Interest: | $333,429.59 |
| iv. | Late Fees: | $365,434.38 |
| **v.** | **Balance:** | **$3,520,535.66** |

Interest continues to accrue after August 7, 2025 at the *per diem* rate of $576.32.

### Count I – Breach of the Note and Loan Agreement
### *Against Crosby Marine Transportation, LLC*

23. The Lender re-alleges and incorporates Paragraphs 1 through 21 as through fully set forth herein.

24. The Borrower has defaulted under the Note and the Loan Agreement.

25. Pursuant to the terms of the Note and the Loan Agreement, the Borrower agreed to pay all reasonable costs and expenses, including attorneys' fees, of the Lender in connection with the Lender's enforcement of its rights and remedies under the subject loan documents.

26. Under the terms of the Note and the Loan Agreement, the Borrower is indebted to the Lender for all amounts now due and owing, together with further accruing interest, costs and attorneys' fees.

WHEREFORE, the Plaintiff, CITIZENS ASSET FINANCE, a division of Citizens Bank, N.A., requests the Court:

(1) Enter judgment in its favor and against CROSBY MARINE TRANSPORTATION, LLC in the amount of $3,520,535.66, together with further accruing interest, costs and attorneys' fees; and

(2) Grant such other and further relief as the Court may deem just and equitable.

### Count II – Breach of the Corporate Guaranty
*Against Crosby Dredging, LLC, Crosby Enterprises, L.L.C., and Crosby Tugs, L.L.C.*

27. The Lender re-alleges and incorporates Paragraphs 1 through 25 as through fully set forth herein.

28. The Corporate Guarantors have defaulted under the Corporate Guaranty.

29. Pursuant to the terms of the Corporate Guaranty, the Corporate Guarantors agreed to pay all reasonable costs and expenses, including attorneys' fees, of the Lender in connection with the Lender's enforcement of its rights and remedies under the subject loan documents.

30. Under the terms of the Corporate Guaranty, the Corporate Borrowers are indebted to the Lender for all amounts now due and owing, together with further accruing interest, costs and attorneys' fees.

WHEREFORE, the Plaintiff, CITIZENS ASSET FINANCE, a division of Citizens Bank, N.A., requests the Court:

(1) Enter judgment in its favor and against CROSBY DREDGING, LLC, CROSBY ENTERPRISES, L.L.C., and CROSBY TUGS, L.L.C., jointly and severally, in the amount of $3,520,535.66, together with further accruing interest, costs and attorneys' fees; and

(2) Grant such other and further relief as the Court may deem just and equitable.

### Count III – Breach of the Individual Guaranty
#### *Against Kurt Crosby*

31. The Lender re-alleges and incorporates Paragraphs 1 through 25 as through fully set forth herein.

32. The Individual Guarantor has defaulted under the Individual Guaranty.

33. Pursuant to the terms of the Individual Guaranty, the Individual Guarantor agreed to pay all reasonable costs and expenses, including attorneys' fees, of the Lender in connection with the Lender's enforcement of its rights and remedies under the subject loan documents.

34. Under the terms of the Individual Guaranty, the Individual Guarantor is indebted to the Lender for all amounts now due and owing, together with further accruing interest, costs and attorneys' fees.

WHEREFORE, the Plaintiff, CITIZENS ASSET FINANCE, a division of Citizens Bank, N.A., requests the Court:

(1) Enter judgment in its favor and against KURT CROSBY in the amount of $3,520,535.66, together with further accruing interest, costs and attorneys' fees; and

(2) Grant such other and further relief as the Court may deem just and equitable.

        RESPECTFULLY SUBMITTED

        CITIZENS ASSET FINANCE, a division of Citizens Bank, N.A.,

        By its Attorneys,
        RIEMER & BRAUNSTEIN LLP

Dated: August 13, 2025

           /s/ Phillip J. Block
        Phillip J. Block
        pblock@riemerlaw.com
        Riemer & Braunstein LLP
        71 South Wacker Drive, Suite 3515
        Chicago, Illinois 60606
        (312) 780-1173
        Firm No. 44250

4428457.1

## VERIFICATION

I, Robert Gallo, am an authorized representative of the plaintiff in the foregoing Verified Complaint. I have read the Verified Complaint and know the contents thereof. The same is true to my own knowledge, except as to those matters stated to be alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 13 day of August, 2025.

_Robert Gallo_
Robert Gallo

4428457.1